**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **MICHAL PRUSZKOWSKI,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| | ) |
| **DAN HELMS, FORTUNATO AMATO, Village of Rosemont Police Officers, DAN PAVELA, DANIEL GABB, and CHRIST NICHOLAS, MONTERREY SECURITY CONSULTANTS, INC., an Illinois Corporation, and Village of ROSEMONT, a Municipal Corporation d/b/a Parkway Bank Park Entertainment District.** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

**NOW COMES** the Plaintiff, MICHAL PRUSZKOWSKI, by and through his attorney, Constantine V. Vassilakopoulos, and for his complaint against Defendants, DAN HELMS ("Defendant HELMS"), FORTUNATO AMATO ("Defendant AMATO"), Village of Rosemont Police Officers DAN PAVELA, DANIEL GABB and CHRIST NICHOLAS ("Defendant OFFICERS"), MONTERREY SECURITY CONSULTANTS, INC. ("Defendant MONTERREY"), an Illinois Corporation, and VILLAGE of ROSEMONT, a Municipal Corporation d/b/a Parkway Bank Park Entertainment District ("Defendant ROSEMONT"), alleges as follows:

## INTRODUCTION

1. This case arises from the cover-up perpetrated by Defendants HELMS and AMATO in connection with a battery committed upon the Plaintiff. Defendants HELMS and

AMATO along with Defendant OFFICERS falsely arrested and wrongfully prosecuted the Plaintiff. In doing so, official police reports were fabricated, and key exculpatory evidence was omitted. On March 10-12, 2020, the Plaintiff was forced to stand trail on the false charge. The Plaintiff was acquitted.

**PARTIES**

2. Plaintiff is 29 years old and is a resident of this Judicial District.

3. Defendant HELMS, at all relevant times, was an off-duty County Deputy Sheriff, who was also employed as a security guard for Monterrey Security Consultants, Inc., and was acting within the scope of his employment as a security guard. He is sued individually and as an agent for Monterrey Security Consultants, Inc.

4. Defendant AMATO, at all relevant times, was employed as a security guard for Monterrey Security Consultants, Inc., and acting within the scope of his employment. He is sued both individually and as an agent of Monterrey Security Consultants, Inc.

5. At all relevant times Defendants PAVELA, NICHOLAS and GABB ("Defendant OFFICERS") are or were Village of Rosemont police officers, acting under color of law and within the scope of their employment. They are sued individually and in their official capacity as Village of Rosemont Police Officers.

6. The Defendant MONTERREY SECURITY CONSULTANTS, INC, is a duly incorporated under the laws of the State of Illinois and was at all relevant times the employer and principal of Defendants HELMS and AMATO.

7. Defendant Village of Rosemont, at all relevant times, was and is a Municipal corporation in the State of Illinois d/b/a Parkway Bank Park Entertainment District (Defendant ROSEMONT).

## JURISDICTION AND VENUE

8. This action against Defendant OFFICERS is brought pursuant to 42 U.S.C. 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution and Illinois common law

9 The action against Defendants HELMS, AMATO, MONTERREY, and ROSEMMONT, is brought pursuant to the Illinois Torts law and Illinois common law to remedy Plaintiff's damages.

10. This Court had jurisdiction over the action pursuant to 28 U.S.C. 1331, 1434, and 1367.

11. Venue is proper under 28 U.S.C. 1391(b), as all parties reside in this Judicial District, and the events giving rise to the claims asserted herein occurred in this Judicial District.

## STATEMENT OF FACTS

12. On May 12, 2019, at approximately 10:00 p.m., the Plaintiff along with friends were invites upon the premises known as Parkway Bank Park Entertainment District, located near 5501 Park Place, in the Village of Rosemont, County of Cook, State of Illinois.

13. Parkway Bank Park Entertainment District is a 200,000 square-foot entertainment and dinning complex hosting 14 venues offering dining, live music, bowling, theater and other forms of entertainment including the establishment named Park Tavern.

14. Parkway Bank Park Entertainment District, at all relevant times, was owned operated, maintained, and controlled by Defendant ROSEMONT.

15. That on and prior to May 12, 2019, Defendant ROSEMONT contracted with

and/or retained Defendant MONTERREY, individually, and/or by and through its agents, employees, and/or servants, to provide security services at the Parkway Bank Park Entertainment District.

16. That on and prior to May 12, 2019, and all times relevant hereto, Defendant MONTERREY, individually, and/or and through its agents, employees, and/or servants, including Defendants HELMS and AMATO, provided security at Parkway Bank Entertainment District.

17. That on May 12, 2019, the Plaintiff along with friend entered a restaurant and bar known as Park Tavern, located on the premises of Parkway Bank Entertainment District.

18. The Plaintiff was lawfully on the premises of Park Tavern as it was open to the public.

19. Upon Plaintiff's entry into Park Tavern, an unknown individual approached one of Plaintiff's friends.

20. This unknown individual, for reasons unknown, started to yell at one of the Plaintiff's friends.

21. As a result a verbal argument started between the unknown individual and the Plaintiff's friend.

22. At said time and place, the Plaintiff and the Plaintiff's friend were asked to leave Park Tavern by an employee of the Park Tavern.

23. The Plaintiff's friend and the Plaintiff complied and left the Park Tavern.

24. Immediately upon exiting the Park Tavern, the Plaintiff walked approximately 10 feet and onto a public walkway.

25. While standing on the public walkway, the Plaintiff waited for the rest of the

friends to exit Park Tavern as well.

26. As Plaintiff was waiting on the public walkway, Defendant HELMS immediately appeared on the scene and approached the Plaintiff.

27. As Defendant HELMS approached the Plaintiff, Defendant HELMS aggressively shoved the Plaintiff by pushing the Plaintiff's chest with both of his hands.

28. The Plaintiff attempted to inform Defendant HELMS that he was just waiting for his friends to exit the Park Tavern.

29. Defendant HELMS then again aggressively shoved the Plaintiff by pushing the Plaintiff's chest with both of his hands.

30. Defendant HELMS then started cursing at the Plaintiff including calling the Plaintiff a "piece of shit".

31. Defendant HELMS repeatedly kept shoving the Plaintiff in the same aggressive manner and calling the Plaintiff a "piece of shit"

32. As a result of Defendant HELMS' wrongful conduct, the Plaintiff then started to curse at Defendant HELMS.

33. As the Plaintiff cursed, Defendant HELMS grabbed the Plaintiff and threw Plaintiff to the ground.

34. Defendant AMATO then also joined Defendant HELMS in forcing and keeping the Plaintiff on the ground against Plaintiff's will.

35. At that point in time, both Defendants HELMS and AMATO handcuffed Plaintiff's hands behind his back as he was pinned to the ground.

36. Defendants HELMS and AMATO then walked the Plaintiff to a security holding area located in the Parkway Bank Park Entertainment Center.

37 Inside the holding area, there were several Rosemont Police Officers including Defendant OFFICERS.

38. Inside the holding area, Defendant HELMS informed the Defendant OFFICERS that Plaintiff committed a battery upon him.

39. Plaintiff attempted to inform the Defendant OFFICERS that he did not do anything but rather it was Defendant HELMS that battered him.

40. Defendant OFFICERS refused to listen to the Plaintiff's version of events.

41. Plaintiff further informed the Defendant OFFICERS that he (Plaintiff) wished to file battery charges against Defendant HELMS.

42. Defendant OFFICERS refused to listen to the Plaintiff's version of events.

43. Defendant OFFICERS failed to include Plaintiff's version of events in the official police reports.

44. Defendant OFFICERS also omitted from the official police reports the statements by Plaintiff's friend who witnessed Defendant HELMS and AMATO batter the Plaintiff.

45. That said friend is listed as "Witness Number 1" in the official police reports.

46. Despite Plaintiff's friend listed as "Witness Number 1", his statements of what he witnessed were omitted from the official police reports.

47. A second witness (Witness 2) who was also a friend of the Plaintiff's attempted to inform the defendant OFFICERS that the Plaintiff did not do anything wrong but rather it was Defendants HELMS and AMATO that battered the Plaintiff.

48. Defendant OFFICERS also omitted from the official police reports the statements made by this second witness.

49. Then one of the Defendant OFFICERS (Officer PAVELA) returned to the Park Tavern to locate other witnesses.

50. Once inside the Park Tavern, an employee (Witness 3) of Park Tavern informed Officer PAVELA that he had witnessed the incident between the Plaintiff and Defendants HELMS and AMATO.

51. Said Park Tavern employee informed Officer PAVELA that the Plaintiff and Defendants HELMS and AMATO were arguing and then Defendants HELMS and AMATO pushed the Plaintiff down on the ground.

52. Defendant OFFICER PAVELA also omitted from the official police reports the interview with the Park Tavern employee.

53. All three witnesses, witness 1, 2 and 3 (Park Tavern Employee), who corroborated Plaintiff's version of events were omitted from the official police reports.

54. Shortly afterwards at approximately 11:45 p.m., Defendant OFFICERS transported the Plaintiff to the Rosemont Police Department.

55. Once inside the Police department, the Plaintiff was handcuffed to a steel bench.

56. As the Plaintiff was inside the police department, the Plaintiff again attempted to inform the Defendant OFFICERS that he did not commit any battery and that it was Defendants HELMS and AMATO that battered him.

57. Plaintiff further informed Defendant OFFICERS that he (Plaintiff) wanted to file criminal battery charges against defendant HELMS.

58 Defendant OFFICERS, however, omitted from the official police most of Plaintiff's version of events including Plaintiff's complaint against Defendants HELMS and AMATO.

59. Defendant OFFICERS created false police reports by omitting the statements of three eyewitnesses from the official police reports.

60. Said witnesses' statements were exculpatory in nature.

61. In furtherance of the cover-up however, Defendant OFFICERS created false police reports by omitting not only the statements made these 3 aforesaid witness but Plaintiff's version of events as well.

62. Then Defendant OFFICERS created a false criminal complaint of battery against the Plaintiff.

63. Defendant OFFICERS and Defendants HELMS and AMATO, individually and in concert, caused Plaintiff to be charged and prosecuted for battery.

64. Plaintiff had to hire a criminal defense attorney to represent him on the false charge brought against him.

65. On March 10, 2020, Plaintiff was forced to stand trial on the false charge of battery.

66. On March 12, 2020, the Plaintiff was acquitted on the battery charge.

**COUNT I**
(Illinois Battery Claim)
*Against Defendant HELMS*

67. Plaintiff re-alleges and incorporates paragraphs 1 through 66.

68. As described above, Defendant HELMS, without legal justification, knowingly made contact with the Plaintiff in a harmful and/or offensive manner without the consent of the Plaintiff, thereby constituting battery under Illinois Law.

69. As a direct and proximate result of Defendant HELMS actions, the Plaintiff suffered injuries of a personal and pecuniary nature.

**WHEREFORE**, the Plaintiff, MICHAL PRUSZKOWSKI, respectfully demands judgment against the Defendant HELMS in a fair and just amount sufficient to compensate him for his damages, plus court costs, as well as other relief as is just and equitable.

**COUNT II**
(Illinois Battery Claim)
*Against Defendant AMATO*

70. Plaintiff re-alleges and incorporates paragraphs 1 through 66.

71. As described above, Defendant AMATO, without legal justification, knowingly made contact with the Plaintiff in a harmful and/or offensive manner without the consent of the Plaintiff, thereby constituting battery under Illinois Law.

72. As a direct and proximate result of Defendant AMOTO actions, the Plaintiff suffered injuries of a personal and pecuniary nature.

**WHEREFORE**, the Plaintiff, MICHAL PRUSZKOWSKI, respectfully demands judgment against the Defendant AMATO in a fair and just amount sufficient to compensate him for his damages, plus court costs, as well as other relief as is just and equitable.

**COUNT III**
(Illinois False Imprisonment Claim)
*Against Defendants HELMS and AMATO*

73. Plaintiff re-alleges and incorporates paragraphs 1 through 66.

74. As described above, Defendants HELMS and AMATO intentionally confined and restrained the Plaintiff’s freedom without reasonable justification and consent of Plaintiff.

75. As a direct and proximate result of the false imprisonment, Plaintiff suffered damages of a personal and pecuniary nature including the loss of his liberty.

**WHEREFORE**, the Plaintiff, MICHAL PRUSZKOWSKI, respectfully demands judgment against the Defendants HELMS and AMATO in a fair and just amount sufficient to compensate him for his damages, plus court costs, as well as other relief as is just and equitable.

**COUNT IV**
(Intentional Infliction of Emotional Distress)
*Against Defendants HELMS and AMATO*

76. Plaintiff re-alleges and incorporates paragraphs 1 through 69 of Count I, paragraphs 1 through 72 of Count II and paragraph 1 through 75 of Count III.

77. As described above, Defendants HELMS and AMATO engaged in extreme and outrageous behavior.

78. Defendants HELMS and AMATO intended such conduct to inflict severe emotional distress upon the Plaintiff and knew that their conduct would cause the Plaintiff severe emotional distress.

79. Defendants HELMS' and AMATO'S conduct was wanton, malicious and oppressive.

80. As a direct and proximate result of Defendants HELMS' and AMATO'S outrageous conduct, the Plaintiff has suffered, and will in the future continue to suffer extreme emotional distress.

WHEREFORE, the Plaintiff, MICHAL PRUSZKOWSKI, respectfully demands judgment against the Defendants HELMS and AMATO in a fair and just amount sufficient to compensate him for his damages, plus court costs, as well as other relief as is just and equitable.

**COUNT V**
(42 U.S.C. 1983, False Arrest)
*Against Defendant OFFICERS*

81. Plaintiff re-alleges and incorporates paragraphs 1 through 66.

82. As described above, Defendant OFFICERS arrested Plaintiff, or caused him to be arrested, without probable cause and legal justification to do so, in violation of the Fourth Amendment to the United States Constitution.

83. As a direct and proximate result of this legal arrest, Plaintiff suffered damages in a pecuniary and personal nature including his liberty guaranteed by the Fourth Amendment of the U.S. Constitution.

**WHEREFORE**, pursuant to 42 U.S.C. 1983, the Plaintiff, MICHAL PRUSZKOWSKI, demands judgment against the Defendant OFFICERS in a fair and just amount sufficient to compensate for his damages, plus punitive damages, as well as court costs, attorney's fees, and other relief as is just and equitable.

**COUNT VI**
(Illinois False Imprisonment Claim)
*Against Defendants OFFICERS*

84. Plaintiff re-alleges and incorporates paragraphs 1 through 66.

85. As described above, Defendants OFFICERS intentionally confined and restrained the Plaintiff's freedom without reasonable justification and consent of Plaintiff.

86. As a direct and proximate result of the false imprisonment, Plaintiff suffered damages of a personal and pecuniary nature including the loss of his liberty.

**WHEREFORE**, the Plaintiff, MICHAL PRUSZKOWSKI, respectfully demands judgment against the Defendants OFFICERS in a fair and just amount sufficient to

compensate him for his damages, plus court costs, as well as other relief as is just and equitable.

**COUNT VII**
(42 U.S.C. 1983, Supervisory Liability)
*Against Defendant Officers Nicholas and Gabb*

87. Plaintiff re-alleges and incorporates paragraphs 1 through 83 of Count V and paragraphs 1through 86 of Count VI.

88. Defendants NICHOLAS and GABB were supervisors on the scene of Plaintiff's arrest.

89. As describe above, Defendants NICHOLAS and GABB unlawfully seized Plaintiff and initiated false charges against him, in violation of the Fourth Amendment to the United State Constitution.

90. At all relevant times, Defendants NICHOLAS and GABB were and are sergeants and supervisory-level police officers on the Village of Rosemont Police Department.

91. It was the responsibility of Defendants NICHOLAS and GABB to supervise the conduct of Defendant OFFICER PAVELA who violated Plaintiffs constitutional rights.

92. Rather than properly supervising the Defendant OFFICER PAVELA, Defendants NICHOLAS and GABB condoned or were recklessly indifferent to the unlawful behavior and failed to take appropriate steps to investigate the situation or prevent harm to Plaintiff.

93. As a direct and proximate result of this illegal arrest legal arrest by defendant OFFICERS, damages in a pecuniary and personal nature including his liberty guaranteed by the Fourth Amendment of the U.S. Constitution.

**WHEREFORE**, pursuant to 42 U.S.C. 1983, the Plaintiff, MICHAL PRUSZKOWSKI, demands judgment against the Defendants NICHOLAS and GABB in a fair and just amount sufficient to compensate for his damages, plus punitive damages, as well as court costs, attorney's fees, and other relief as is just and equitable.

**COUNT VIII**
(Illinois Malicious Prosecution Claim)
*Against Defendants HELMS, AMATO and OFFICERS*

94. Plaintiff re-alleges and incorporates paragraphs 1 through 69 of Count I, paragraphs 1 through 72 of Count II, paragraphs 1-75 of Count III, paragraphs 80 of Count IV, paragraphs 1 through 83 of Count V, paragraphs 1 through 86 of Count VI, and paragraphs 1 through 93 of Count VII.

95. As described above, Defendants HELMS, AMATO, and OFFICERS, individually and/or in concert, willfully, intentionally and recklessly initiated criminal proceedings against Plaintiff, or caused them to be initiated, and/or caused the criminal proceedings to continue without probable cause to believe Plaintiff had committed the charges.

96. Defendants HELMS, AMATO and OFFICERS created false and inaccurate police reports and other documents pertaining to the circumstances of Plaintiff's arrest, and provided false information to prosecutors handling Plaintiff's criminal case. This was done with malice and/or reckless indifference to Plaintiff's rights.

97. The criminal case against Plaintiff was terminated in his favor, in a manner indicative of his innocence.

98. As a direct and proximate result of Defendants HELMS, AMATO and OFFICERS malicious prosecution, Plaintiff suffered damages of a personal and pecuniary nature including his liberty.

**WHEREFORE**, the Plaintiff, MICHAL PRUSZKOWSKI, respectfully demands judgment against the Defendants HELMS, AMATO, and OFFICERS in a fair and just amount sufficient to compensate him for his damages, plus court costs, as well as other relief as is just and equitable.

**COUNT IX**
*(*Intentional Infliction of Emotional Distress)
*Against Defendant OFFICERS*

99. Plaintiff re-alleges and incorporates paragraphs 1 through 69 of Count I, paragraphs 1 through 72 of Count II, paragraphs 1-75 of Count III, paragraphs 1 through 83 of Count V, paragraphs 1 through 86 of Count VI, and paragraphs 1 through 93 of count VII.

100. As described above, Defendant OFFICERS engaged in extreme and outrageous behavior.

101. Defendant OFFICERS intended such conduct to inflict severe emotional distress upon the Plaintiff and knew that his conduct would cause the Plaintiff severe emotional distress.

102. Defendant OFFICERS' conduct was wanton, malicious and oppressive.

103. As a direct and proximate result of Defendant OFFICERS' outrageous conduct, the Plaintiff has suffered, and will in the future continue to suffer extreme emotional distress.

**WHEREFORE**, the Plaintiff, MICHAL PRUSZKOWSKI, respectfully demands judgment against the Defendant OFFICERS in a fair and just amount sufficient to compensate him for his damages, plus court costs, as well as other relief as is just and

equitable.

**COUNT X**
(Negligent, Agency and/or Respondent Superior)
*Against Defendant MONTERREY*

104. Plaintiff re-alleges and incorporates paragraphs 1 through 69 of Count I, paragraphs 1 through 72 of Count II, paragraphs 1through 75 of Count III, paragraphs 1 through 80 of Count IV and paragraphs 1-98 of Count VIII.

105. On May 12, 2019, and prior thereto, Defendant MONTERREY was engaged in the business of providing security to the general public, including providing security on the premises located at Park Bank Park Entertainment District.

106. On May 12, 2019, and prior thereto, Defendant MONTERREY, through its agents, apparent agent, and/or employees including Defendants HELMS and AMATO provided security on the premises at Parkway Bank Park Entertainment District.

107. That on May 12, 2019, Plaintiff MIKHAL was lawfully on the premises.

108. At said time and place, Plaintiff was standing on a public walkway.

109. That on May 12, 2019, Defendant MONTERREY had a duty, through its agents, apparent agent, and/or employees including Defendants HELMS and AMATO, had a duty to exercise ordinary care in performing security so as not to negligently cause harm to others, including Plaintiff MICHAL.

110. At said time and place, Defendant MONTERREY, through its agents, apparent agents, and/or employees, Defendants HELMS and AMATO, breached that duty by negligently committing one or more of the following negligent acts and/or omissions:

a) Failed to provide reasonable action in administering security;
b) Failed to follow standard security policies and procedures;
c) Failed to provide adequate and appropriate training to its security staff;

d) Failed to provide appropriate security;
e) Failed to take reasonable steps not to escalate a situation and instead negligently cause the situation to escalate with the Plaintiff.

111. As a direct and proximate result of Defendant MONTERREY's negligent acts and/or omissions, Plaintiff MIKHAL suffered damages of a personal and pecuniary nature including the loss of his liberty.

**WHEREFORE**, the Plaintiff, MICHAL PRUSZKOWSKI, respectfully demands judgment against the Defendant MONTERREY in a fair and just amount sufficient to compensate him for his damages, plus court costs, as well as other relief as is just and equitable.

**COUNT XI**
(Willful, Wanton, Reckless Hiring)
*Against Defendant ROSEMONT*

112. Plaintiff re-alleges 1 through 111 of Count X.

113. On and prior to May 12, 2019, Defendant ROSEMONT voluntarily undertook to hire a security company to provide security on the premises known as Parkway Bank Park Entertainment District.

114. On and prior to May 12, 2019, Defendant ROSEMONT hired and employed Defendant MONTERREY to provide security on the aforesaid premises on its behalf.

115. On and prior to May 12, 2019, Defendant ROSEMONT had a duty, both individually and by and/or through its agents, servants, and/or employees, including through Dependent MONTERREY, perform its voluntary undertaking with ordinary care as to provide a reasonable safe condition to persons lawfully on the aforesaid premises, including Plaintiff.

116. Upon information and belief, on and before May 12, 2019, Defendant ROSEMONT was aware of previous instances whereby Defendant MONTERREY, individually, and through its agents, apparent agents, and/or employees failed to follow standard safety and security procedures and protocols towards others.

117. Notwithstanding its duty, Defendant ROSEMONT, by and through its agents, servants, and/or employees including Defendant MONTERREYT, Plaintiff was physically battered, falsely arrested and wrongfully prosecuted, as described above.

118. At the aforesaid places and times, the Defendant ROSEMONT, as the owner and/or maintainer of the aforesaid premises, both individually and by and through its agents, servants and/or employees acted with less than reasonable care and was then and there guilty of one or more of the following careless, reckless, willful, and/or wanton acts and/or omissions:

a. Failed to provide adequate safeguards to prevent Plaintiff from injury while Plaintiff was lawfully upon said premises;

b. Failed to conduct an appropriate review of MONTERREY SECURITY CONSULTANTS, Inc.'s ability to provide security on the aforesaid premises, including its track record and internal security policies and procedures, prior to hiring the company;

c. Knew or should have known of MONTERRETY SECURITY CONSULTABNTS, INC's previous security shortcomings- such as the company's failure to follow standard safety and security procedures when handling individuals;

d. Knew or should have known of MONTERREY SECURITY CONSULTANTS, INC.'s previous violations of security guard license requirements, but still hired the company to provide security on the aforementioned premises;

e. Failed to follow security policies and procedures that are standard in the industry.

119. As a direct and proximate result of Defendant ROSEMONT'S willful, wanton, and/or Reckless acts and/or omissions, Plaintiff MIKHAL suffered damages of a personal and pecuniary nature including the loss of his liberty.

**WHEREFORE**, the Plaintiff, MICHAL PRUSZKOWSKI, respectfully demands judgment against the Defendant ROSEMONT in a fair and just amount sufficient to compensate him for his damages, plus court costs, as well as other relief as is just and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Respectfully submitted,

By: /s/ *Constantine V. Vassilakopoulos*
Attorney for Plaintiff

VASS LAW OFFICES
Constantine V. Vassilakopoulos
969 Elmhurst Road, Suite 1A
Des Plaines, IL 60016
Tel.: (847) 439-0700
ARDC No.: 6239386
Email: Vasslaw53@gmail.com